## MILLER *v.* CLARK *et al.*

### (*Circuit Court, D. Connecticut.* March 12, 1892.)

BILL OF REVIEW—PAYMENT OF COSTS—REASONABLE DELAY.

The supreme court dismissed an appeal from the circuit court, with a mandate requiring appellant to pay the costs. Thereafter the appellant, without paying the costs, brought a bill in the circuit court to review its judgment, which was demurred to for want of an allegation that the costs were paid. The court held that this was not a ground of demurrer, but that the proper remedy was to stay proceedings until payment of the costs. No order was asked fixing a time for such payment, and payment was made and accepted by defendant's counsel two months and twelve days thereafter. *Held*, that the delay was not so unreasonable as to debar plaintiff from filing a supplemental bill alleging such payment.

In Equity. Bill of review by Martha A. Miller against Emma J. Clark and others. For opinion on demurrer to the bill, see 47 Fed. Rep. 850. The hearing is now on a motion to strike out a supplemental bill. Overruled.

*John M. Buckingham*, for plaintiff.

*W. B. Stoddard*, for defendants.

SHIPMAN, District Judge. This is a motion to strike from the files the supplemental bill in this case, which alleges the payment of costs, upon the ground that the payment and the supplemental bill were delayed for an unreasonable time. Two other grounds were suggested in the motion, but were not pressed in the argument. In the decision, which was made after the argument of demurrer, and which was filed November 3, 1891, I said that the omission to state the payment of costs in the bill was not a subject of demurrer, for the rule requiring payment of costs was one of procedure, rather than jurisdictional, but could be taken advantage of by a motion to stay proceedings; and also said: "Before a decision upon the other questions contained in the demurrer, proceedings under the bill of review should be stayed until the mandate of the supreme court has been complied with," etc. No order of stay

was asked for, and therefore no time was fixed for the payment of costs. They were paid January 15, 1892, and the supplemental bill was filed on the next day,—a delay of two months and twelve days. Inasmuch as no order was asked or made fixing the time of payment, and as the defendants' counsel accepted the costs, when paid, I cannot say that this delay debars the petitioner in the bill of review from filing her supplemental bill. The decision upon the demurrer was postponed until this payment should be made or excused. Inasmuch as the case was argued some time ago, if the respective counsel have any views in addition to those which were contained in their briefs, I should be glad to receive them in writing.